**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **RUBEN LAMB,**<br><br>         **Plaintiff,**<br><br>v.<br><br>**HARTFORD LIFE & ACCIDENT INSURANCE COMPANY,**<br><br>         **Defendant.** | Civil Action 5:10-CV-253 (HL) |

**ORDER**

Before the Court is Plaintiff Ruben Lamb's Amended Motion to Proceed In Forma Pauperis ("IFP") on appeal. (Doc. 43.) For the reasons below, the Amended Motion (Doc. 43) is granted. Plaintiff's original Motion (Doc. 40) is deemed moot.

Motions to proceed IFP on appeal are governed by 28 U.S.C. § 1915(a) and Federal Rule of Appellate Procedure 24. Section 1915(a) provides that

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." Martinez v. Kristi Kleaners, 364 F.3d 1305, 1306 n.2 (11th Cir. 2004).

28 U.S.C. § 1915(a). The statute forbids a plaintiff to proceed IFP "if the trial court certifies in writing that [the action] is not taken in good faith." 28 U.S.C. § 1915(a)(3).

> Federal Rule of Appellate Procedure 24 provides:
>
> (1) … [A] party to a district court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
> (A) shows … the party's inability to pay or to give security for fees and costs;
>
> (B) claims an entitlement to redress; and
>
> (C) states the issues that the party intends to present on appeal.
>
> FED. R. APP. PROC. 24(a).

Thus, based on § 1915(a) and Rule 24, to grant a motion to proceed IFP on appeal, the moving party must submit an affidavit that demonstrates (1) an inability to pay, (2) entitlement to redress, (3) the issues on appeal, and (4) good faith.

### a. Inability to Pay

When considering a motion to proceed IFP, "[t]he only determination to be made by the court … is whether the statements in the affidavit satisfy the requirement of poverty." Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004). To show poverty, the plaintiff need not show that he is "absolutely destitute." Id. Instead, the plaintiff must demonstrate that "because of his poverty, he is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." Id.

In this case, Plaintiff submitted his Amended Motion for Permission to Appeal IFP along with a corresponding Affidavit. (Doc. 43.) In his Affidavit, he reports his monthly income as $1,308.00 in Social Security disability benefits. His wife has not earned any income in the last twelve months. Plaintiff estimates his monthly expenses to be $1,140.00 and his wife's expenses to be $1,483.00. This amounts to a total of $2,623.00 spent monthly on mortgage payments, utilities, home maintenance, food, clothing, and insurance, among other expenses. These estimates from Plaintiff's Affidavit demonstrate that his expenses are greater than his income. This satisfies the requirement of demonstrating an inability to pay court fees.

b. **Entitlement of Redress**

To proceed IFP on appeal, the moving party must also state an entitlement of redress. In this case, Plaintiff's Affidavit includes a signature block in which there appears the sentence "I believe I am entitled to redress." Plaintiff dated and signed his Affidavit below this sentence. This is sufficient to demonstrate the fulfillment of the second requirement to proceed IFP on appeal.

c. **Issues on Appeal**

The third condition for proceeding IFP requires the moving party to clearly state the issues on appeal. Plaintiff's Amended Motion to Proceed IFP (Doc. 43) states two issues to be appealed: (1) whether Hartford's decision to deny was arbitrary and capricious; and (2) whether Hartford's counterclaim for overpayment

actually seeks appropriate equitable relief.[2] This statement satisfies the third requirement.

      d. **Good Faith**

Finally, the fourth requirement to proceed IFP on appeal is good faith. The test for whether an appeal is taken in good faith under section 1915(a) is whether the litigant seeks appellate review of any issue that is not frivolous. Mixon v. Corizon, Inc., 2012 WL 1136331 at *2 (S.D. Ala. Mar. 30, 2012). A claim is frivolous if it is "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). In this case, the issues on appeal, as listed above, are not frivolous.

In sum, Plaintiff Ruben Lamb has satisfied the four requirements for proceeding IFP on appeal, and therefore, his Amended Motion (Doc. 43) is granted.

**SO ORDERED**, this 3rd day of May, 2012.

                                                       *s/ Hugh Lawson*
                                                       HUGH LAWSON, SENIOR JUDGE

ebr

---

[2] In the section on the Affidavit designated for listing the issues on appeal, Plaintiff also states: "The appeal from a grant of summary judgment is subject to plenary review; the Appellate Court applies the same legal standards that bound the District Court." (Doc. 43.) This statement addresses a legal standard as opposed to an issue to be appealed, and thus, the Court did not include it as an issue.